FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 2:13 pm, Jun 02, 2020

# In the United States District Court
# for the Southern District of Georgia
# Statesboro Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 610-029-2 |
| JORDY NOVAL MELVIN, | |
| Defendant. | |

### ORDER

Before the Court is Defendant Jordy Melvin's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. Dkt. No. 172. For the reasons below, Melvin's motion is **DISMISSED**.

### BACKGROUND

In April 2011, under a written plea agreement, Melvin pleaded guilty to theft from a federal firearms licensee, in violation of 18 U.S.C. § 922(u). Dkt. Nos. 51, 102. In July 2011, the Court sentenced Melvin to 110 months' imprisonment with the Bureau of Prisons ("BOP"). Dkt. No. 101. Melvin did not directly appeal. According to the BOP website, Melvin is currently incarcerated at USP Tucson located in Tucson, Arizona, with a projected release date of October 29, 2022.

Now Melvin moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Melvin's motion is based on the COVID-19

pandemic and his concern for his health. As the Government notes, however, Melvin has not averred that he has exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Here, Melvin does not allege in his motion that he attempted to exhaust his administrative remedies. See Dkt. No. 172.

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19. The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court. Having found that Melvin has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Melvin's request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record . . . indicates [petitioner] exhausted his administrative remedies before filing his request,'

the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))).

Accordingly, Melvin's motion for compassionate release, dkt. no. 172, is **DISMISSED**. Additionally, to the extent Melvin requests appointment of counsel, that motion is **DENIED**.

**SO ORDERED,** this 2nd day of June, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA