FILED
John E. Triplett, Acting Clerk
United States District Court
By CAshell at 4:34 pm, Jul 23, 2020

# In the United States District Court for the Southern District of Georgia Statesboro Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 610-029-2 |
| JORDY NOVAL MELVIN, | |
| Defendant. | |

## ORDER

Before the Court is Defendant Jordy Melvin's motion for reconsideration of the Court's Order dismissing his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. Dkt. No. 175. For the reasons below, Melvin's motion is **DENIED**.

## BACKGROUND

In April 2011, under a written plea agreement, Melvin pleaded guilty to theft from a federal firearms licensee, in violation of 18 U.S.C. § 922(u). Dkt. Nos. 51, 102. In July 2011, the Court sentenced Melvin to 110 months' imprisonment with the Bureau of Prisons ("BOP"). Dkt. No. 101. Melvin did not directly appeal. According to the BOP website, Melvin is currently incarcerated at USP Tucson located in Tucson, Arizona, with a projected release date of October 29, 2022.

**LEGAL AUTHORITY**

Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, reads, in pertinent part:

> (c) Modification of an imposed term of imprisonment.—
> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction;
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

2

In application note 1 to the Sentencing Guidelines policy statement, U.S.S.G. § 1B1.13, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. See United States v. Wilkes, 464 F.3d 1240, 1245 (11th Cir. 2006) ("Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines." (internal quotation marks omitted)). The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—

      (I) suffering from a serious physical or medical condition,

      (II) suffering from a serious functional or cognitive impairment, or

      (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

>    (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

## DISCUSSION

Now Melvin moves the Court for reconsideration of its previous Order dismissing his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Melvin avers that the Court made a mistake in its Order because it was "based on erroneous representations of fact." Dkt. No. 175. Specifically, Melvin avers that he did exhaust his administrative remedies before filing a motion with the Court by submitting a written request to staff on March 26, 2020, to which he received no reply. Dkt. No. 175-1.

I. **Exhaustion of Administrative Remedies**

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Here, unlike in his previous motion, Melvin does allege that he exhausted his administrative remedies. Compare Dkt. No. 172 with Dkt. No. 175-1. He does not, however, attach a copy of the request he submitted to the BOP or

5

describe what was contained therein, i.e. the basis for his request for compassionate release. As such, the Court has no way of knowing if he submitted a proper administrative request or what information was contained therein in order to conduct an appropriate review. See United States v. Valenta, No. CR 15-161, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) ("To properly exhaust administrative remedies, therefore, the administrative complaint must raise the same claims asserted in the federal court filing." (citing Gadra-Lord v. Doe, 736 F. App'x 30, 32 (3d Cir. 2018))).

The Court is once again inclined to dismiss Melvin's motion for failure to exhaust his administrative remedies. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record . . . indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))). The Court finds, however, that even if Melvin has exhausted his administrative remedies, he has not shown that he is entitled to compassionate release.

II. Extraordinary and Compelling Reasons

A defendant has the burden to show circumstances meeting the test for compassionate release. United States v. Willingham, No. CR 113-010-1, 2020 WL 2843223, at *2 (S.D. Ga. June 1, 2020); see

generally, United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013); United States v. Saldana, 807 F. App'x 816, 820 (10th Cir. 2020) ("[O]ur cases require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction."). In his motion before the Court, as well as his previous motion, Melvin cites no basis in support of his compassionate release other than the existence of COVID-19. He does not allege that he has a medical condition which subjects him to an increased risk of severe illness from COVID-19.[1] Melvin also does not mention any family circumstance to support his release, nor does he meet the age requirement for compassionate release, as he is only thirty-one years old.

## CONCLUSION

Because Melvin has given the Court no reason to revise its previous Order, his motion for reconsideration of the Court's Order denying his motion for compassionate release, dkt. no. 175, is **DENIED**.

SO ORDERED, this 23 day of July, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Moreover, according to the BOP's website as of July 23, 2020, there are confirmed active cases of COVID-19 among four staff members and zero inmates at USP Tucson where Melvin is incarcerated. See bop.gov/coronavirus/.